John M. Tries, Plaintiff-Appellant,
v.
City of Milwaukee and Milwaukee Employees' Retirement System/Annuity and Pension Board, Defendants-Respondents.
No. 03-2369.
Court of Appeals of Wisconsin.
Opinion Filed: April 29, 2004.
Before Dykman, Lundsten and Higginbotham, JJ.
¶1 PER CURIAM.
John Tries appeals an order granting summary judgment and dismissing his claims against the City of Milwaukee and its Pension Board. The decision adversely affects Tries' pension rights as a former City employee. We affirm the dismissal.
¶2 After almost nineteen years as a City of Milwaukee police officer, Tries commenced a disability retirement in 1986. A city ordinance then provided that if a city police disability beneficiary returned to any job in city employment, his or her disability status and benefits would cease.
¶3 In June 1988, Tries returned to city employment as the City's labor negotiator. Before accepting the position, however, Tries asked the mayor, a member of the mayor's staff, two common council members, and a lawyer from the City Attorney's office whether they could do something to protect his disability status, despite his return to City employment. As a result of that request, and subsequent discussions with the mayor and the council members, the common council amended the ordinance to provide that disabled police officers could hold any of the mayorally appointed positions listed in WIS. STAT. § 66.146 (1987-88),[1] including labor negotiator, with disability status suspended rather than terminated.
¶4 In December 1988, Tries became the City's newly created Director of Employment Relations. This was not a position specified under WIS. STAT. § 66.146, and consequently the City determined that the amended ordinance no longer protected Tries. Consequently, the City terminated his disability status effective the day he took the new position. Tries subsequently became Chief Administrator to the Mayor, and left City employment in 1992.
¶5 In September 2000, he commenced this action seeking restoration of his disability status and the benefits accompanying it, from the December 1988 date of termination to the present. He presented various legal theories to support his claim, all of which proved unsuccessful in the trial court. He limits this appeal to the trial court's summary judgment dismissing his claim that the City breached an oral employment contract when it terminated his disability status in December 1988.
¶6 Tries argues that the Mayor and two council members orally promised to protect his disability status as long as the City employed him. To accomplish that end, the council amended the pension ordinance. Tries claims, however, that the amended ordinance failed to memorialize the agreement because it only protected him while he briefly served as labor negotiator. Tries asserts we should, therefore, order further proceedings so that he can prove, and enforce, his oral agreement with the Mayor and the individual council members.
¶7 Alternatively, he argues that because the council amended the ordinance solely for his benefit, we must construe it as his written employment contract. Tries claims that the ordinance lacks the necessary features of an enforceable contract, and is also ambiguous. Again the result, in his view, should be a decision that would allow Tries the opportunity to prove an enforceable oral contract, or that directs the trial court to construe the amended ordinance in accord with his evidence of the parties' intent.
¶8 The material facts are not in dispute. Consequently, whether the City is entitled to summary judgment on Tries' contract claim is a question of law. See Green Spring Farms v. Kersten, 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987). We decide such questions de novo. See M&I First Nat'l Bank v. Episcopal Homes Mgmt., Inc., 195 Wis. 2d 485, 497, 536 N.W.2d 175 (Ct. App. 1995).
¶9 The oral contract Tries alleges is not enforceable. First, assuming that the oral agreement to amend the city charter permitting Tries to collect disability payments in the future created an obligation on the Mayor and the two council members to do so, that objective was accomplished by the passage of the amended ordinance. One can only speculate as to why the charter was not amended to ensure Tries was protected regardless of the position he occupied. Furthermore, city officials could not unilaterally contract with Tries. Only a municipality's council or those it authorizes to act in its stead may contract on behalf of the municipality. See Kocinski v. Home Ins. Co., 154 Wis. 2d 56, 69, 452 N.W.2d 360 (1990). Tries does not allege that the council authorized the Mayor and two council members to negotiate the terms of his employment. Evidence of his discussions with them is therefore irrelevant. Even if it were not, Tries presents no authority for the proposition that City officials could negotiate an agreement effectively providing him with immunity from enforcement of a municipal ordinance. Finally, the amended ordinance lacks the requisite features of a contract. The amended ordinance is legislation, not a contract.
¶10 Tries' argument that the trial court should have construed the amended ordinance to reflect the alleged intent behind it is without merit. The amended ordinance is not ambiguous. It plainly sets forth the exemptions to the pension termination requirement.[2] It plainly excludes from those exemptions the position Tries took in December 1988, because WIS. STAT. § 66.146 did not identify that position or its equivalent.[3] Furthermore, an ordinance is not subject to reconstruction, or reinterpretation, based on subsequent testimony that its terms do not reflect its intent. See State v. Consolidated Freightways Corp., 72 Wis. 2d 727, 738, 242 N.W.2d 192 (1976). (No one may testify to the legislative intent behind passage of a particular statute). It must be construed according to its plain terms, under which the City properly terminated his disability.
¶11 Our decision makes it unnecessary to address whether the claim for breach of the alleged 1988 contract is barred by the statute of limitations.
By the Court.  Order affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 1987-88 version unless otherwise noted.
[2] After setting forth the general termination provision, the amended ordinance, Sec. 36-04-3, MCC, provided "[s]hould a policeman retired on duty disability be appointed to a position in active service pursuant to s. 66.146, Wis. Stats., on or after May 3, 1988, ... disability ... shall be suspended...."
[3] WISCONSIN STAT. § 66.146 (1987-88) provided a list of positions, or their equivalent, including:

[C]ity engineer; city purchasing agent; commissioner of building inspection, of city development, of health or of public works; director of budget and management, of community development agency, of office of telecommunications, or of safety; emergency government coordinator; employe benefits administrator; executive director of the commission on community relations; harbor commissioner; tax commissioner; director of liaison; city personnel director; executive director of the retirement board; executive director of the city board of election commissioners; city librarian; city labor negotiator; executive secretary to the board of fire and police commissioners; and supervisor of the central electronics board.